HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
KATHLEEN KENEALY, Chief Assistant City Attorney (SBN 212289)
MOLLY STEPHENS. Deputy City Attorney (SBN 232211)
EMERSON KIM, Deputy City Attorney (SBN 285142)
200 North Main Street, City Hall East, 6th Floor
Los Angeles, California 90012
Telephone:  213-978-1868/213-526-7336
Facsimile:   213-978-7011
Email:  molly.stephens@lacity.org
Email:  emerson.kim@lacity.org

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOM RATNER-STAUBER;<br><br>                Plaintiff,<br>    vs.<br><br>CITY OF LOS ANGELES, a municipal corporation; LOS ANGELES POLICE DEPARTMENT.<br><br>             Defendants. | Case No. 2:24-cv-07043-JLS-(SSCx)<br><br>**DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Defendants City of Los Angeles (the "City") and the Los Angeles Police Department ("LAPD," and together with the City, "Defendants") hereby answer the Amended Class Action Complaint (the "AC") filed by Plaintiff Adom Ratner-Stauber ("Plaintiff") as follows:

The first unnumbered paragraph is a preamble to the substantive allegations of the AC to which no response is required, but to the extent a response is required, Defendants deny the allegations in the first unnumbered paragraph.

## INTRODUCTION[1]

1.      Denied.

2.      The allegations in Paragraph 2 purport to summarize the contents of two online news articles.  Defendants refer the Court to the full contents of the articles and deny the allegations to the extent that they are inconsistent with, go beyond, or take subject matter out of context from the full articles.  Defendants specifically deny Plaintiff's summary of the USA Facts article.  The article explicitly states that Los Angeles does *not* have the largest homeless population in the United States, contrary to Plaintiff's allegations.  Based on the results of the 2024 Greater Los Angeles Homeless Count, Defendants also specifically deny that the Los Angeles homeless population is growing drastically year after year.  Those results, available at

https://www.lahsa.org/news?article=977-unsheltered-homelessness-drops-and-sheltered-homelessness-rises-in-la, state that "[t]he estimate for unsheltered homelessness in the County of Los Angeles decreased by approximately 5.1% to 52,365 compared with last year," while "[t]he City of Los Angeles saw its unsheltered homelessness estimate decline to 29,275 or 10.4%."

3.      Denied.

---

[1] The headings set forth herein are copied from the AC solely to assist with organization and readability.  No response is required with respect to the substance of the headings, but to the extent a response is required, Defendants deny all substantive content or allegations contained in the headings.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

4.      The allegations in Paragraph 4 purport to set forth Plaintiff's characterization of this lawsuit to which no response is required, but to the extent a response is required, Defendants deny the allegations.

5.      The allegations in Paragraph 5 purport to set forth the relief that Plaintiff requests in this lawsuit to which no response is required, but to the extent a response is required, Defendants deny the allegations.

## JURISDICTION AND VENUE

6.      The allegations in Paragraph 6 contain legal arguments or legal conclusions to which no response is required, but to the extent a response is required, Defendants admit that Plaintiff purports to assert claims against Defendants under the Fifth and Fourteenth Amendments of the U.S. Constitution pursuant to 42 U.S.C. § 1983, along with claims under the California Constitution and California state law. Unless expressly admitted herein, Defendants deny the remaining allegations in Paragraph 6.

7.      The allegations in Paragraph 7 contain legal arguments or legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

8.      Defendants admit that on June 20, 2024, Plaintiff filed a claim under the Government Code with the City, which the City denied via written notice, dated July 25, 2024.  Unless expressly admitted herein, Defendants deny the remaining allegations in Paragraph 8.

9.      The allegations in Paragraph 9 contain legal arguments or legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

## PARTIES

10.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10, and on that basis deny them.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

11.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11, and on that basis deny them.

12.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12, and on that basis deny them.

13.     Admitted.

14.     The allegations in Paragraph 14 contain legal arguments or legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

15.     Denied.

16.     Defendants admit that LAPD is a department of the City, acting within its jurisdiction.  Unless expressly admitted herein, Defendants deny the remaining allegations in Paragraph 16.

## FACTUAL ALLEGATIONS

17.     The allegations in the first sentence of Paragraph 17 purport to summarize the contents of the Los Angeles Municipal Code, California Civil Code, and "other applicable laws."  Defendants refer the Court to the full contents of the laws and deny the allegations to the extent that they are inconsistent with, go beyond, or take subject matter out of context from the laws.  Defendants deny the remaining allegations in Paragraph 17.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 24, and on that basis deny them.  Defendants deny the remaining allegations in Paragraph 24.

3

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

25.    Denied.

26.    Denied.

27.    Denied.

28.    The allegations in Paragraph 28 purport to summarize and quote from portions of a U.S. Supreme Court case.  Defendants refer the Court to the full contents of the case and deny the allegations to the extent that they are inconsistent with, go beyond, or take subject matter out of context from the case.

29.    Defendants deny the allegations in the first sentence of Paragraph 29 and also deny the existence of "Lawless Zones," as that term is defined in the AC. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 29, and on that basis deny them.

30.    Denied.

31.    Defendants deny the existence of "Lawless Zones," as that term is defined in the AC, and deny that they have relocated trespassers near or on Plaintiff's property. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 31, and on that basis deny them.

**12400 Montague Street, 10029 Bradley Avenue, and 10051 Bradley Avenue**

32.    Defendants admit that the City of Los Angeles includes the following addresses:  12400 Montague Street, 10029 Bradley Avenue, and 10051 Bradley Avenue in the zip code 91331.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 32, and on that basis deny them.

33.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33, and on that basis deny them.

34.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34, and on that basis deny them.

35.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35, and on that basis deny them.

4

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

36.    Denied.

37.    Denied.

38.    Denied.

39.    Defendants deny the allegations in the first sentence of Paragraph 39 and also deny that they allow members of the public free access to trespass on Plaintiff's private property.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 39, and on that basis deny them.

40.    Defendants deny the allegations in the first and last sentences of Paragraph 40.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 40, and on that basis deny them.

41.    Denied.

42.    Defendants deny that they have taken any actions for homeless individuals to trespass on Plaintiff's private property, block access to Plaintiff's private property, or severely impair access to Plaintiff's private property.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 42, and on that basis deny them.

43.    Denied.

44.    Denied.

**8106-8040 San Fernando Road, 80135 Clybourn Avenue, 10671 Lorne Street, 10671 Lanark Street, and 10616 Lanark Street**

45.    Defendants admit that the City of Los Angeles includes the following addresses:  8106-8040 San Fernando Road, 10671 Lorne Street, 10671 Lanark Street, and 10616 Lanark Street in the zip code 91352.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 45, and on that basis deny them.

46.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46, and on that basis deny them.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

47.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47, and on that basis deny them.

48.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48, and on that basis deny them.

49.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49, and on that basis deny them.

50.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50, and on that basis deny them.

51.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51, and on that basis deny them.

52.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52, and on that basis deny them.

53.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53, and on that basis deny them.

54.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54, and on that basis deny them.

55.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55, and on that basis deny them.

56.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56, and on that basis deny them.

57.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57, and on that basis deny them.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

6

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

64.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64, and on that basis deny them.

65.    Defendants deny that they engage in "Relocation Actions," as that term is defined in the AC, or that the "Relocation Actions" allow homeless individuals to trespass on Plaintiff's private property, block access to Plaintiff's private property, or severely impair access to Plaintiff's private property. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 65, and on that basis deny them.

**10932-10964 Ventura Boulevard**

66.    Defendants admit that the City of Los Angeles includes the following addresses: 10932 Ventura Boulevard and 10964 Ventura Boulevard in the zip code 91604. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 66, and on that basis deny them.

67.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 67, and on that basis deny them.

68.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 68, and on that basis deny them.

69.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 69, and on that basis deny them.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Defendants deny that they engage in "Relocation Actions," as that term is defined in the AC, or that the "Relocation Actions" have created the conditions to allow homeless individuals to trespass on Plaintiff's private property, block access to

7

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Plaintiff's private property, or severely impair access to Plaintiff's private property. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 76, and on that basis deny them.

77.    Denied.

**8141-8181 Sunland Boulevard**

78.    Defendants admit that the City of Los Angeles includes the following addresses:  8141 Sunland Boulevard and 8181 Sunland Boulevard in the zip code 91352.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 78, and on that basis deny them.

79.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 79, and on that basis deny them.

80.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 80, and on that basis deny them.

81.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 81, and on that basis deny them.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Defendants deny that they engage in "Relocation Actions," as that term is defined in the AC, or that the "Relocation Actions" create the conditions to allow homeless individuals to trespass on Plaintiff's private property, block access to Plaintiff's private property, or severely impair access to Plaintiff's private property. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 88, and on that basis deny them.

89.    Denied.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

**740 South Broadway**

90.    Defendants admit that the City of Los Angeles includes the following address:  740 South Broadway in the zip code 90014.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 90, and on that basis deny them.

91.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 91, and on that basis deny them.

92.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 92, and on that basis deny them.

93.    Denied.

94.    Denied.

95.    Defendants deny the allegations in the first two sentences of Paragraph 95.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 95, and on that basis deny them.

96.    Denied.

97.    Denied.

98.    Defendants deny that they engage in "Relocation Actions," as that term is defined in the AC, or that the "Relocation Actions" have created the conditions to allow homeless individuals to trespass on Plaintiff's private property, block access to Plaintiff's private property, or severely impair access to Plaintiff's private property. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 98, and on that basis deny them.

99.    Denied.

**8101-8109 San Fernando Road**

100.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 100, and on that basis deny them.

101.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 101, and on that basis deny them.

9

102.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 102, and on that basis deny them.

103.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 103, and on that basis deny them.

104.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 104, and on that basis deny them.

105.    Denied.

106.    Denied.

107.    Defendants deny that they are responsible for any damages sustained by Plaintiff.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 107, and on that basis deny the them.

108.    Defendants deny that they are responsible for any damages sustained by Plaintiff.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 108, and on that basis deny the them.

109.    Denied.

110.    Defendants deny the allegations in the first sentence of Paragraph 110. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 110, and on that basis deny the them.

111.    Defendants deny the allegations in the last sentence of Paragraph 111. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 111, and on that basis deny the them.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

10

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

117.    Defendants deny that they engage in "Relocation Actions," as that term is defined in the AC, or that the "Relocation Actions" have created the conditions to allow homeless individuals to trespass on Plaintiff's private property, block access to Plaintiff's private property, or severely impair access to Plaintiff's private property. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 117, and on that basis deny them.

118.    Denied

**10812-10832 White Street**

119.    Defendants admit that the City of Los Angeles includes the following addresses:  10812 White Street and 10832 White Street in the zip code 91352. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 119, and on that basis deny them.

120.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 120, and on that basis deny them.

121.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 121, and on that basis deny them.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Defendants deny that they engage in "Relocation Actions," as that term is defined in the AC, or that the "Relocation Actions" have created the conditions to allow homeless individuals to trespass on Plaintiff's private property, block access to Plaintiff's private property, or severely impair access to Plaintiff's private property. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 127, and on that basis deny them.

128.    Denied.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

**10960 Ratner Street**

129.   Defendants admit that the City of Los Angeles includes the following address:  10960 Ratner Street in the zip code 91352.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 129, and on that basis deny them.

130.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 130, and on that basis deny them.

131.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 131, and on that basis deny them.

132.   Denied.

133.   Denied.

134.   Denied.

135.   Denied.

136.   Denied.

137.   Denied.

138.   Defendants deny that they engage in "Relocation Actions," as that term is defined in the AC, or that the "Relocation Actions" have created the conditions to allow homeless individuals to trespass on Plaintiff's private property, block access to Plaintiff's private property, or severely impair access to Plaintiff's private property. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 138, and on that basis deny them.

139.   Denied.

**14600-14606 Arminta Street**

140.   Defendants admit that the City of Los Angeles includes the following addresses:  41600 Arminta Street and 14606 Arminta Street in the zip code 91402. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 140, and on that basis deny them.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

141.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 141, and on that basis deny them.

142.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 142, and on that basis deny them.

143.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 143, and on that basis deny them.

144.   Denied.

145.   Denied.

146.   Denied.

147.   Denied.

148.   Denied.

149.   Denied.

150.   Defendants deny that they engage in "Relocation Actions," as that term is defined in the AC, or that the "Relocation Actions" have created the conditions to allow homeless individuals to trespass on Plaintiff's private property, block access to Plaintiff's private property, or severely impair access to Plaintiff's private property. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 150, and on that basis deny them.

151.   Denied.

152.   Denied.

153.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 153, and on that basis deny them.

### CLASS ACTION ALLEGATIONS

154.   The allegations in Paragraph 154 contain legal arguments or legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

155.   The allegations in the first sentence of Paragraph 155 contain legal arguments or legal conclusions to which no response is required, but to the extent a

13

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

response is required, Defendants deny the allegations.  Defendants admit that the City of Los Angeles has a population of approximately 3.82 million people.  Unless expressly admitted herein, Defendants deny the remaining allegations in Paragraph 155.

156.   The allegations in Paragraph 156 contain legal arguments or legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

157.   The allegations in the first sentence of Paragraph 157 contain legal arguments or legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 157, and on that basis deny them.

158.   The allegations in Paragraph 158 contain legal arguments or legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.  Defendants further note that the question raised in Paragraph 158(d), relating to the equal protection clause, is no longer applicable because Plaintiff's claim for violation of the equal protection clause was dismissed, and Plaintiff elected not to amend.  *See, e.g.*, Dec. 12, 2024 Status Report (ECF#43).

159.   The allegations in Paragraph 159 contain legal arguments or legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

160.   Denied.

161.   The allegations in Paragraph 161 contain legal arguments or legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

162.   The allegations in Paragraph 162 contain legal arguments or legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

## FIRST CLAIM FOR RELIEF

### (Fifth Amendment—Takings Clause)

163.   Defendants incorporate by reference their responses to the previously stated paragraphs.

164.   The allegations in Paragraph 164 contain legal arguments or legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

165.   Denied.

166.   Denied.

167.   The allegations in Paragraph 167 contain legal arguments or legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

168.   The allegations in Paragraph 168 contain legal arguments or legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

169.   The allegations in Paragraph 169 contain legal arguments or legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

## SECOND CLAIM FOR RELIEF

### (Fourteenth Amendment—Equal Protection Clause)

170.   No response is required to the allegations in Paragraph 170 because they relate to an equal protection claim that was dismissed, and Plaintiff elected not to amend.  *See, e.g.*, Dec. 12, 2024 Status Report (ECF#43).  To the extent a response is required, however, Defendants incorporate by reference their responses to the previously stated paragraphs.

171.   No response is required to the allegations in Paragraph 171 because they relate to an equal protection claim that was dismissed, and Plaintiff elected not to

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

amend.  *See, e.g.*, Dec. 12, 2024 Status Report (ECF#43).  To the extent a response is required, however, Defendants deny the allegations.

172.   No response is required to the allegations in Paragraph 172 because they relate to an equal protection claim that was dismissed, and Plaintiff elected not to amend.  *See, e.g.*, Dec. 12, 2024 Status Report (ECF#43).  To the extent a response is required, however, Defendants deny the allegations.

173.   No response is required to the allegations in Paragraph 173 because they relate to an equal protection claim that was dismissed, and Plaintiff elected not to amend.  *See, e.g.*, Dec. 12, 2024 Status Report (ECF#43).  To the extent a response is required, however, Defendants deny the allegations.

### THIRD CLAIM FOR RELIEF

### (State-Created Danger)

174.   Defendants incorporate by reference their responses to the previously stated paragraphs.

175.   Denied.

### FOURTH CLAIM FOR RELIEF

### (Violation of Cal. Civ. Code §§ 3480, *et seq.*—Public Nuisance)

176.   Defendants incorporate by reference their responses to the previously stated paragraphs.

177.   The allegations in Paragraph 177 contain legal arguments or legal conclusions to which no response is required, but to the extent a response is required, Defendants admit that Paragraph 177 correctly quotes California Civil Code section 3479.  Unless expressly admitted herein, Defendants deny the remaining allegations in Paragraph 177.

178.   The allegations in Paragraph 178 contain legal arguments or legal conclusions to which no response is required, but to the extent a response is required, Defendants admit that Paragraph 178 correctly quotes California Civil Code section 3480.  Unless expressly admitted herein, Defendants deny the remaining allegations in

16

Paragraph 178.

179.   The allegations in Paragraph 179 contain legal arguments or legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

180.   The allegations in Paragraph 180 that "Defendants' Relocation Actions" are "in violation of Plaintiff's constitutional rights" contain legal arguments or legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.  Defendants deny the remaining allegations in Paragraph 180.

181.   Denied.

182.   The allegations in Paragraph 182 contain legal arguments or legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

183.   Defendants deny the allegations in the first sentence of Paragraph 183. The remaining allegations in Paragraph 183 contain legal arguments or legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

184.   The allegations in Paragraph 184 contain legal arguments or legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

185.   Denied.

186.   The allegations in Paragraph 186 contain legal arguments or legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

## FOURTH [*sic*] CLAIM FOR RELIEF
## (Cal. Civ. Code §§ 3501, et seq.—Private Nuisance)

187.   Defendants incorporate by reference their responses to the previously stated paragraphs.

17

188. Denied.

189. The allegations in Paragraph 189 contain legal arguments or legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

### FIFTH [*sic*] CLAIM FOR RELIEF

### (Cal. Const. art. I § 19—Inverse Condemnation)

190. Defendants incorporate by reference their responses to the previously stated paragraphs.

191. The allegations in Paragraph 191 purport to quote from portions of California Constitution Article I, section 19 to which no response is required. To the extent a response is required, Defendants refer the Court to the full contents of the provision and deny the allegations to the extent that they are inconsistent with, go beyond, or take subject matter out of context from the provision.

192. Denied.

193. Defendants deny that they engage in "Relocation Actions," as that term is defined in the AC. The remaining allegations in Paragraph 193 contain legal arguments or legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

### <u>AFFIRMATIVE DEFENSES</u>

Without waiving or excusing Plaintiff's burden of proof or admitting that any of the following are defenses upon which Defendants have any burden of proof as opposed to denial of matters as to which Plaintiff has the burden of proof, or that Defendants have any burden of proof at all, Defendants hereby assert the following separate and independent affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

### (*Failure to State a Claim*)

194. The AC and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action against Defendants.

18

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

## SECOND AFFIRMATIVE DEFENSE

### (*Lack of Standing – Article III*)

195.    Plaintiff lacks Article III standing, including because (a) the injuries for which he seeks relief are not fairly traceable to any wrongful conduct by Defendants; (b) the injuries for which he seeks relief are not redressable by a court order; and (c) he has not suffered an injury required for the claims asserted.

## THIRD AFFIRMATIVE DEFENSE

### (*Lack of Standing – Declaratory Judgment*)

196.    Plaintiff lacks standing to seek a declaratory judgment, including because there is not a substantial controversy of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

## FOURTH AFFIRMATIVE DEFENSE

### (*Lack of Standing – Injunctive Relief*)

197.    Plaintiff lacks standing to seek injunctive relief, including because there is not a substantial risk or impending threat of future injury from Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### (*Lack of Standing – State-Law Claims*)

198.    Plaintiff lacks standing to assert his claims under California state law, including because (a) he lacks the necessary property interest for the claims asserted; (b) he has not suffered an injury required for the claims asserted; and (c) Defendants' conduct did not cause a taking or substantial interference with his use and enjoyment of the property.

## SIXTH AFFIRMATIVE DEFENSE

### (*Failure to Prosecute in the Name of Real Party in Interest*)

199.    The AC seeks relief for damage to property owned by multiple third parties who are the real parties in interest, and Plaintiff has failed to join these third parties, as required by Rule 17 of the Federal Rules of Civil Procedure.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

## SEVENTH AFFIRMATIVE DEFENSE

### (*Failure to Join Required Parties*)

200.   The AC seeks relief for damage to property owned by multiple third parties who are required parties under Rule 19 of the Federal Rules of Civil Procedure, and Plaintiff has failed to join these required partied.

## EIGHTH AFFIRMATIVE DEFENSE

### (*Mootness*)

201.   To the extent any portion of Plaintiff's claims for declaratory or injunctive relief are based on policies no longer in effect, the claims are moot.

## NINTH AFFIRMATIVE DEFENSE

### (*Statute of Limitations*)

202.   One or more claims are barred by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

### (*Failure to Comply With California Government Code*)

203.   Some or all of Plaintiff's state-law claims are barred because Plaintiff's written claim under the California Government Code did not fairly reflect the factual basis for which he seeks recovery.

## ELEVENTH AFFIRMATIVE DEFENSE

### (*State-Law Claims Barred by California Government Code*)

204.   Some or all of Plaintiff's state-law claims are barred because Plaintiff failed to submit a written claim under the California Government Code within the time periods specified in California Government Code section 911.2.

## TWELFTH AFFIRMATIVE DEFENSE

### (*Government Immunity – Non-Enforcement of Law*)

205.   Defendants are immune from liability for the state-law claims under California Government Code sections 818.2 and 821 to the extent the claims are based on Defendants' non-enforcement of laws because these provisions immunize Defendants and their employees from liability for a failure enforce laws.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

**THIRTEENTH AFFIRMATIVE DEFENSE**

(*Government Immunity – Failure to Provide Police Protection*)

206.   Defendants are immune from liability for the state-law claims under California Government Code section 845 to the extent the claims are based on Defendants' failure to provide police protection because this provision immunizes Defendants and their employees from liability for a failure to provide police protection.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(*Government Immunity – Failure to Make an Arrest*)

207.   Defendants are immune from liability for the state-law claims under California Government Code section 846 to the extent the claims are based on Defendants' failure to arrest homeless people or trespassers because this provision immunizes Defendants and their employees from liability for a failure to make an arrest.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(*Government Immunity – Exercise of Discretion*)

208.   Defendants are immune from liability for the state-law claims under California Government Code sections 815.2 and 820.2 to the extent the claims are based on Defendants' discretionary decisions, such as decisions about whether to make an arrest or where to direct resources to clean up homeless encampments, because these provisions immunize Defendants and their employees from liability for discretionary acts.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(*No Taking for Fifth Amendment or Inverse Condemnation*)

209.   Plaintiff cannot recover for a taking under either the Fifth Amendment or the California Constitution because any actions of Defendants constituted a lawful exercise of the police power and not a taking.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (*Failure to Mitigate*)

210.   Plaintiff cannot recover some or all of the damages he seeks because he failed to take reasonable steps to minimize his losses.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (*Assumption of Risk*)

211.   One or more of Plaintiff's claims are barred because he knowingly and voluntarily assumed the risk.

## NINETEENTH AFFIRMATIVE DEFENSE

### (*Failure to Exhaust Administrative Remedies*)

212.   One or more claims are barred in whole or in part because Plaintiff failed to exhaust administrative remedies before filing a federal action.

## TWENTIETH AFFIRMATIVE DEFENSE

### (*Reservation of Rights for Additional Affirmative Defenses*)

213.   Defendants reserve the right to assert additional defenses upon discovery of further information concerning the Complaint, the causes of action alleged therein, and/or the requests for relief.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Defendants respectfully request the following:

(1)    That Plaintiff be granted no relief in this action;

(2)    That judgment be rendered in favor of Defendants and against Plaintiff on each and every cause of action;

(3)    That Plaintiff's request for his attorneys' fees, costs, and expenses be denied; and

(4)    For such other and further relief as the Court may deem to be just and proper.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, Defendants City of Los Angeles and the Los Angeles Police Department hereby demand a trial by jury in this action of all issues triable to a jury.


Dated: December 20, 2024     HYDEE FELDSTEIN SOTO, City Attorney
                             DENISE C. MILLS, Chief Deputy City Attorney
                             KATHLEEN KENEALY, Chief Assistant City Attorney
                             MOLLY STEPHENS, Deputy City Attorney
                             EMERSON KIM, Deputy City Attorney

                             By:   _/s/ Molly Stephens_____
                                   Molly Stephens
                                   Deputy City Attorney
                                   Attorneys for Defendants

DEFENDANTS' ANSWER TO AMENDED COMPLAINT